UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HANGZHOU ZHAOHU TECHNOLOGY CO.,
LTD.

                             Plaintiff,                      22-cv-05878-CM

-against-

BOER TECH; and PROHEAR,

                            Defendants.
----------------------------------------------------------------X

**DECISION AND ORDER VACATING JULY 20, 2022
TEMPORARY RESTRAINING ORDER and SETTING SCHEDULE FOR HEARING
ON AN APPLICATION ON NOTICE FOR ENTRY OF A TEMPORARY
RESTRAINING ORDER**

McMahon, J.:

       On July 11, the plaintiff Hangzhou Zhaohu Technology Co. Ltd. filed a complaint in this court, alleging claims for violations of the Lanham Act, violation of New York General Business Law § 349, and various common law unfair competition and trademark infringement claims. (Docket #1) The civil cover sheet that accompanied the pleading did not list an address for the defendants "Boer Tech" and "Prohear" or identify any attorney representing them. (Docket #3). The Clerk did not issue a summons at the time the complaint was filed. The case was wheeled out to my docket.

       From the complaint, it appears that both the Plaintiff and the defendants make ear protection products – specifically, a product known as a "hearing protector" or "muff" that can be worn to protect the ear from loud noise. Plaintiff's product is marketed under the name PROTEAR (sounds to me like "protect ear," but I await evidence on that score). It has been marketed since 2011, and its PROTEAR trademark is registered with the U.S. Patent and Trademark Office. Defendants' competing product is marketed under the name PROHEAR (sound to me like "professional hearing"). It has been sold in the United States since 2018.

       The complaint alleges that the Defendants create internet stores (pop up websites) on which they sell a product that is similar to Plaintiff's under a confusingly similar name and pictorial mark. The brief in support of the motion argues that the court is exercising jurisdiction over web sites; as it turns out, Defendants sell primarily through Amazon online stores, as well as through other well-known outlets (Walmart, Alibaba Express).

       On July 20, 2022, the Plaintiff sought an *ex parte* temporary restraining order and the setting of a hearing on a motion for a preliminary injunction, together with expedited discovery. Counsel argued that an *ex parte* TRO was necessary because defendants were concealing their

identities and might "modify registration data and content, change hosts, redirect traffic to other websites under their control and move assets from U.S.-based bank accounts" if the application were heard on notice. (Docket #11, at p. 8).

I was in Europe; the request went to the Part I judge, The Hon. Valerie Caproni. She granted the request for an *ex parte* TRO, set bond in the amount of $5,000, and set a preliminary injunction hearing date for Wednesday, August 3 at 2 PM. She made no ruling on the request for expedited discovery.

Before making her ruling, Judge Caproni was assured that "Plaintiff is currently unaware of both the true identities and locations of the Defendants . . ." (Docket #11, at p. 18). This statement was attested to by Ruoting Men, counsel for Plaintiff, who signed the brief in light of his obligations under Fed. R. Civ. P. 11, which require him to attest that all "the factual contentions have evidentiary support . . ."

The moving papers were accompanied by a declaration under oath from Leilei Lu, a manager of plaintiff Hangzhou, who averred that the defendants "go to great lengths to conceal their identities." (Docket #13, at ¶12). However, Ms. Lu's cleverly worded declaration did not contain an averment that she did not know the identity of the people she was suing.

Because, as it turns out, she did.

What Judge Caproni was not told was that "Boer Tech," the ostensible marketer of PROTEAR products, was really a corporation known as Johnson Tech; that Johnson Tech owns the registered trademark PROTEAR both in the United States and in Europe; that the Plaintiff knew perfectly well who was behind the marketing of PROTEAR products because the two corporations (Hangzhou and Johnson) were engaged in trademark proceedings both in Europe (where Johnson's mark has priority) and in the United States (where Plaintiff has preliminarily prevailed, although Johnson is in the process of filing an appeal from that ruling); and that Johnson's identity was apparent from its web sites and various e-marketing operations. In short, she was not told that Plaintiff knew perfectly well who it was suing.

Or at least that is what Defendants allege in their motion to vacate the *ex parte* TRO and in opposition to the Plaintiff's motion for a preliminary injunction. That motion was filed last night, after Amazon closed down Defendants' online store and notified Johnson of the closure. As far as I can tell, neither Defendants nor its counsel has yet to be served with the complaint (a summons issued yesterday, on July 26) or with the temporary restraining order

I have read the papers filed by both sides and I have spoken to Judge Caproni, who admitted that she was told nothing of the history between these two parties, and who relied (as this court would have relied) on counsel's statement that the Plaintiff did not know the "true identities and locations" of anyone behind Defendants' operations when she decided to issue an *ex parte* TRO.

The issuance of *ex parte* TROs is HIGHLY disfavored by this court, which makes every effort to locate a defendant if at all possible before acting *ex parte*. What is before me at present appears to be an ordinary dispute between competitors (neither of whose products is patented, so

both are free to manufacture and sell them) concerning whether the product names they use for those competing products are confusingly similar. The marks appear at first blush to be descriptive (hence weak) and all claims are based on the allegedly confusing similarity of the marks – the complaint does not allege that the products have confusingly similar trade dress, or anything of that nature. The parties have a contentious history that was not revealed to the court when the application for a TRO was made. There is at least an arguable basis to believe that the *ex parte* TRO was entered under false pretenses, so until I can sort out who is lying and who is telling the truth, there is no basis on which this court could possibly allow an *ex parte* order of any sort to remain effective. And there appears to be serious question about whether Plaintiff is entitled to a TRO on the merits.

Therefore, and with the knowledge and permission of my esteemed colleague, the TRO entered by Judge Caproni (Docket #15) on July 20, 2022 is hereby VACATED IN ITS ENTIRETY. The order is of no force and effect. Defendants' counsel may communicate this to Amazon and anyone else who may have been notified about the TRO; Plaintiff's counsel has until 9 AM tomorrow to file on ECF the identities and contact information for every entity that was advised of the entry of the *ex parte* TRO.

Plaintiff's counsel is directed to serve the summons and complaint personally on counsel for Defendants at their office in Utah no later than 5 PM MDT tomorrow, July 28, 2022.

There is at present a hearing scheduled for next Wednesday afternoon. In light of today's developments, at that hearing, the court will (1) decide whether or not to enter a temporary restraining order *on notice* after argument by counsel; (2) grant the motion for expedited discovery and set a schedule for the expedited discovery sought by Plaintiff; (3) set a date for an evidentiary hearing on the application for a preliminary injunction (that hearing will take place sometime in September or October, depending on the amount of discovery the parties want); (4) set a schedule for the submission of proposed findings of fact and conclusions of law in advance of that hearing; (5) place counsel for both sides under oath and obtain testimony from them so that I can ascertain whether one of my colleagues was induced to enter an order under false pretenses; (6) if it turns out that Plaintiff's counsel were less than candid, hear evidence on the issue of damages under and in excess of the bond set by Judge Caproni in connection with the *ex parte* TRO; and (7) consider whether the court should *sua sponte* issue Rule 11 sanctions against anyone for any misstatement that may have been made. Counsel should come prepared to address all issues, and to argue the Plaintiff's motion for a TRO on notice. In this regard I have read the Defendants' brief in opposition; notwithstanding any previous order to the contrary, Plaintiff MUST file reply paper on ECF no later than 12 PM this Friday, July 29, and must deliver a courtesy copy of those papers (hard copy) to my chambers no later than the same time (noon on Friday).

As I will be working remotely during August, the hearing will take place on Microsoft Teams; there will be a court reporter. The only evidence will be the sworn testimony of the lawyers about what they knew about their opponents; counsel will be expected to argue about the propriety of a TRO from the papers, on the basis of the facts revealed under oath (from witnesses, not lawyers) and the law. The court's ruling is likely to be oral and delivered immediately after the hearing.

This constitutes the decision and order of the court.

Dated: July 27, 2022

_____
U.S.D.J.