UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HANGZHOU ZHAOHU TECHNOLOGY CO., LTD.

                     Plaintiff,                22-cv-5878 (CM)

    -against-

BOER TECH, PROHEAR, and JOHNSON TECH,

                   Defendants.
----------------------------------------------------------------X

**ORDER**

McMahon, J.:

By order dated August 4, 2022, the Court denied Plaintiff's motion for a temporary restraining order and set several deadlines in this case. The Court gave the parties until November 4, 2022 to complete discovery in advance of the preliminary injunction hearing, set September 28, 2022 as the deadline for disclosure of experts and exchange of expert reports, and gave Plaintiff ten days from the Court's order to file an amended complaint adding Hangzhou Johnson Technology Co., Ltd. ("Johnson Tech") as a party defendant. (*See* Dkt. No. 38). The Court added, "If Plaintiff fails to add Johnson Tech, then Johnson Tech has ten days within which to move for leave to intervene in this action in order to protect its interest in its trademarks." (*Id.*).

Plaintiff failed to amend its complaint within ten days of the Court's August 4, 2022 order. Plaintiff explains that it did not do so because it was planning to voluntarily dismiss the claims against Defendants and Defendants knew this and were in discussion with Plaintiff regarding a stipulation to this effect. (*See* Dkt. Nos. 45, 44-1).

However, on August 22, 2022, Johnson Tech moved to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(2) (*see* Dkt. No. 39) and filed four counterclaims against Plaintiff, including

1

an appeal from the decision of the Trademark Trial and Appeal Board pursuant to 15 U.S.C. § 1071(b). (*See* Dkt. No. 40).

On August 28, 2022, Plaintiff Hangzhou Zhaohu Technology Co., Ltd. filed an amended complaint in which Plaintiff added Johnson Tech as a defendant and add a new claim for unfair competition.

On August 30, 2022, Defendants filed an "emergency" motion to strike the amended complaint as untimely, to strike the pending motion for preliminary injunction, and to schedule an "immediate" pretrial conference. (*See* Dkt. No. 44). Defendants argue that striking both the amended complaint and the motion for preliminary injunction is warranted because Plaintiff "failed to comply with this Court's order" by not filing the amended complaint within ten days of its August 4, 2022 Order. (*Id.*). Essentially, Defendant is asking the Court to sanction Plaintiff for failure to abide by the Court's August 4, 2022 order.

Plaintiff responds that it did not file the Amended Complaint because it was planning to dismiss the action but that when Johnson Tech filed the counterclaims, it realized "that litigating this case is inevitable." (Dkt. No. 45). Plaintiff requests 30 additional days of discovery beyond the November 4, 2022 deadline originally set by this Court in the August 4, 2022. (*Id.*).

The Court declines to strike the amended complaint or the pending motion for preliminary injunction. While Defendants are correct that Plaintiff's amended complaint is technically untimely, the sanction of striking both the amended complaint and the preliminary injunction motion is unwarranted on the facts in this case. Plaintiff has offered a plausible explanation for failing to amend; I am not a fan of whipsawing and Plaintiff asserts that it was whipsawed. Since we are going to litigate this case both sides should have a full opportunity to press all of their claims against all relevant parties. Because Johnson Tech has been added as a defendant, its motion

2

to intervene is denied as moot. *See Johnson v. Rockefeller*, 58 F.R.D. 42, 51 n. 1 (S.D.N.Y. 1972) ("Since the amended complaint names [the intervenor] as a plaintiff, his motion is now moot . . .").

Plaintiff's request for an extension of 30 days for additional discovery in support of the preliminary injunction motion is granted, though the parties are warned that this will be the only extension. As it is Plaintiff's motion for preliminary injunctive relief, it cannot claim to be harmed by the extension. Additional time beyond the 30 days would not seem to be warranted. In particular, the counterclaims add no new issues to the case. 30 days means that discovery will close on December 5. There is no extension of the date for exchange of expert reports. I will expect a discovery progress report in the form of a joint letter by October 28. At that point, I can set a hearing date on the motion.

Plaintiff is directed to effect service on Johnson Tech within five business days. If counsel agrees to accept service on behalf of its client (the true client), it should so indicate to Plaintiff's counsel.

The Clerk is respectfully directed to remove the motions at Docket Numbers 39 and 44 from the Court's list of open motions.

Dated: September 6, 2022

_Colleen McMahon_
U.S.D.J.

BY ECF TO ALL COUNSEL